# IN THE SUPREME COURT OF THE STATE OF NEVADA

UMC PHYSICIANS' BARGAINING
UNIT OF NEVADA SERVICE
EMPLOYEES UNION, SEIU LOCAL
1107, AFL-CIO, CLC, AN EMPLOYEE
ORGANIZATION; DEBORAH BOLAND,
M.D.; JOEL CANGA, M.D.; EDGAR L.
COX, M.D.; ANDREA FONG, D.O.; NEIL
W. GOODSELL, M.D.; DEBORAH
GOODWIN, M.D.; MARIA MARTINEZ,
M.D.; JOHN NEPOMUCENO, M.D.;
GEORGE OEHLSEN, D.O.; ARDESHIR
ROHANI, M.D.; ERNESTO RUBIO, M.D.;
TIMOTHY SCHRAEDER, M.D.;
RONALD TAYLOR, M.D.; BRADLEY
WALKER, M.D.; AND MICHAEL S.
TANNER AS SPECIAL
ADMINISTRATOR OF THE ESTATE OF
STERLING TANNER, M.D., AS
INDIVIDUAL LOCAL GOVERNMENT
EMPLOYEES AND MEMBERS OF THE
UMC PHYSCIANS' BARGAINING UNIT
OF NEVADA SERVICE EMPLOYEES
UNION, SEIU LOCAL 1107, AFL-CIO,
CLC,
Appellants,
vs.
NEVADA SERVICE EMPLOYEES
UNION, SEIU LOCAL 1107, AFL-CIO, A
NONPROFIT COOPERATIVE
CORPORATION; SERVICE
EMPLOYEES INTERNATIONAL
UNION, AFL-CIO, CLC, A NONPROFIT
COOPERATIVE CORPORATION; AND
UNIVERSITY MEDICAL CENTER OF
SOUTHERN NEVADA,
Respondents.

No. 80817

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from district court orders granting motions to dismiss and denying motions for leave to amend the complaint. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

After remand from this court in *UMC Physicians' Bargaining Unit of Nevada Service Employees Union v. Nevada Service Employees Union/SEIU Local 1107*, 124 Nev. 84, 178 P.3d 709 (2008), appellant physicians filed multiple individual complaints with the Local Government Employee-Management Relations Board (EMRB) against respondents Nevada Service Employees Union, SEIU Local 1107 (NSEU) and Service Employees International Union (SEIU) (collectively, the unions). The EMRB consolidated the complaints and then dismissed SEIU from the action, finding that it did not owe the physicians a duty of fair representation. The EMRB also found that although NSEU owed appellants a duty of fair representation, it did not breach that duty when it disaffiliated from the physicians or when it discontinued negotiations to secure a new collective bargaining agreement with the physicians' employer, respondent University Medical Center of Southern Nevada (UMC). However, the EMRB found that NSEU breached its duty of fair representation by abandoning certain grievances when it disaffiliated itself and ordered NSEU to process those grievances. The parties did not seek judicial review of any of the relevant EMRB decisions. *See* NRS 288.130 (providing for judicial review of adverse administrative agency decisions). Several years later, appellant UMC Physicians' Bargaining Unit (PBU) and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.




the physicians sued the unions and UMC based largely on the same allegations raised before the EMRB. The district court granted each of the respondents' motions to dismiss and twice denied appellants leave to amend their complaint.

Appellants argue that the district court erred by dismissing their complaint on the basis that it lacked subject matter jurisdiction over their claims against the unions. We review de novo and agree in part. *See Am. First Fed. Credit Union v. Soro*, 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) ("This court reviews a district court's decision regarding subject matter jurisdiction de novo."); *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (reviewing a dismissal for failure to state a claim pursuant to NRCP 12(b)(5) de novo). We have previously explained that "the EMRB has exclusive original jurisdiction over any unfair labor practice arising under [NRS Chapter 288], including a claim that the union breached its duty of fair representation." *City of Mesquite v. Eighth Judicial Dist. Court*, 135 Nev. 240, 244, 445 P.3d 1244, 1248 (2019).[2] The district court only has jurisdiction to judicially review the EMRB's decisions. *Id.* at 245, 455 P.3d at 1250 ("[W]hen it comes to a fair-representation claim, the district court's jurisdiction is limited to reviewing the EMRB's decision."). Because each of appellants' claims against the unions concerned the duty of fair representation, they fall within the

---

[2]We reject appellants' argument that *City of Mesquite* does not apply because it was published after they filed the underlying district court action. In *City of Mesquite*, this court "did not create new law or overrule existing precedent"; we merely explained what NRS Chapter 288 has meant since its inception. *K&P Homes v. Christiana Tr.*, 133 Nev. 364, 368, 398 P.3d 292, 295 (2017) (holding that decisions apply retroactively where they merely explain a statute's meaning).

EMRB's exclusive jurisdiction. *Id.* (clarifying that fair representation claims "must be raised before the EMRB"). Because appellants did not seek judicial review of the EMRB's order dismissing SEIU, the district court correctly found that it lacked jurisdiction over appellants' claims against SEIU and therefore properly dismissed it from the action.[3] *See City of Mesquite*, 135 Nev. at 245, 455 P.3d at 1250. Similarly, because appellants did not seek judicial review of the EMRB's decision finding that NSEU did not breach its duty of fair representation when it disaffiliated from the physicians or by discontinuing negotiations for a new collective bargaining agreement with UMC, the district court correctly found that it lacked jurisdiction to consider those claims. *See id.* Therefore, we affirm the district court's orders to the extent they dismissed SEIU and appellants' claims against NSEU regarding disaffiliation and discontinuing negotiations on the collective bargaining agreement.

We conclude that the district court did not err in dismissing appellants' claims against UMC. Because those claims also implicate NRS Chapter 288, the district court lacked subject matter jurisdiction over them, *see City of Mesquite*, 135 Nev. at 244, 445 P.3d at 1248, as appellants did not first exhaust their administrative remedies with the EMRB before

---

[3]Appellants assert that they could not have sought judicial review of the EMRB's order dismissing SEIU from the action because it was not a final order due to the pending claims against NSEU. Appellants could have challenged this decision after the EMRB entered a final order, however, and they did not do so. *See* NRS 233B.130 (allowing a party aggrieved by an agency decision to seek judicial review of that decision within 30 days of its service).

bringing those claims before the district court.[4] *See Rosequist*, 118 Nev. at 451, 49 P.3d at 655. Thus, we also affirm the district court's orders to the extent they dismissed UMC.

We also conclude, however, that the district court had subject matter jurisdiction over appellants' claims against NSEU for abandoning certain grievances. Those claims sought the district court's assistance to recover damages from NSEU for their actions or inactions in processing those grievances as ordered by the EMRB. *See Nev. Power Co. v. Eighth Judicial Dist. Court*, 120 Nev. 948, 960, 102 P.3d 578, 586 (2004) (explaining that this court "must look at the substance of the claims, not just the labels used" when resolving jurisdictional issues); *see also* NRS 288.110(3) (authorizing an aggrieved party to seek the district court's assistance to enforce an EMRB order). While NSEU asserts that it complied with the EMRB's order by processing the grievances, the district court did not make factual findings in this regard and we decline to do so in the first instance. *See Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 168, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance."). Accordingly, we reverse the district court's orders to the extent

---

[4]We reject appellants' argument that their district court complaint raised claims not within the EMRB's jurisdiction, as the complaint alleges that UMC breached its statutory duty to negotiate employee grievances. *See Nev. Power Co. v. Eighth Judicial Dist. Court*, 120 Nev. 948, 960, 102 P.3d 578, 586 (2004) (looking at the substance of a claim to determine whether the district court has jurisdiction over that claim); *see also* NRS 288.110(2) (providing that the EMRB has jurisdiction to hear any complaints arising out of the provisions of NRS Chapter 288); NRS 288.150 (discussing an employer's duty to negotiate certain matters with a recognized employee organization).

they dismissed appellants' claims against NSEU regarding the abandoned grievances the EMRB ordered it to process.[5] Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[6]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc: Hon. Ronald J. Israel, District Judge
   Stephen E. Haberfeld, Settlement Judge
   Rodriguez Law Offices, P.C.
   Christensen James & Martin
   Pitegoff Law Office
   Rothner Segall & Greenstone
   The Urban Law Firm
   Eighth District Court Clerk

---

[5]We decline to consider appellants' argument that the district court abused its discretion by denying them leave to amend their complaint, as appellants make no cogent argument and cite no law regarding the relevant considerations for granting leave to amend. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims unsupported by cogent argument and relevant authority).

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.